UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF BOSAW, )<br>   Plaintiff, )<br> )<br>vs. )<br> )<br>HENRY COUNTY SHERIFF, et. al., )<br>   Defendants ) | Case No. 22-4044 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Henry County Sheriff John Doe, "Henry County Municipality," Administrator Nancy Lessard, "Unknown Nursing Staff Contractor," Public Defender Thomas Patton, Assistant U.S. Attorney Alyssa Raya, Unknown Federal Bureau of Investigation Agents, Officer Laurie Hess, Officer Davis, Officer Brown, Officer Engel, and "All Other Under Oath Officers Deemed Also Responsible" violated his constitutional rights. (Comp., p. 2-5).

Plaintiff claims the relevant events occurred during a brief staff at the Henry County Jail from November 14, 2020 through December 8, 2020. Unfortunately, it is

difficult to determine the basis of Plaintiff's complaint.  He begins by referring to a previous lawsuit noting he was "removed from a larger class action suit," and admitting "not all of the particulars in that case having a direct connection with this Plaintiff." (Comp., p. 8).  Plaintiff has cited to *Stewart v. Henry County Jail*, Case No. 20-4268.  However, Plaintiff was dismissed in a February 1, 2020 Merit Review Order. The one surviving plaintiff failed to file an amended complaint as directed and the case was dismissed in its entirety. *See* March 14, 2022 Text Order.

Plaintiff filed his complaint in this case on March 10, 2022. [1].  Plaintiff makes vague claims about inhumane living conditions at the jail, but he does not provide any specific dates or descriptions of any specific conditions.  In addition, Plaintiff does not explain how most of the named Defendants were involved in his claims. *See Kuhn v. Milwaukee County*, 59 F. Appx 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Plaintiff does provide a confusing paragraph somehow claiming the Defendant Public Defender and Defendant Assistant United States Attorney were responsible for unspecified violations, but neither individual would be responsible for living conditions at the Henry County Jail.

Plaintiff has failed to state a claim upon which relief can be granted and therefore his complaint is dismissed.  It is not clear that allowing Plaintiff an opportunity to file

an amended complaint can cure the deficiencies noted. However, Plaintiff is proceeding *pro se* and therefore the Court will allow him one opportunity to clearly state his intended claim.

Plaintiff is advised Federal Rule of Civil Procedure 8 requires complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Federal Rule of Civil Procedure 10 also requires the pleader to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10 (b) "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Therefore, if Plaintiff is claiming he faced inhumane living conditions, he must specifically identify those conditions. Plaintiff should state when the conditions occurred and where they occurred in the jail. Plaintiff should indicate what impact those conditions had on him. Finally, Plaintiff must identify Defendants who specifically knew about those conditions, but still failed to take any action. Plaintiff's amended complaint must also stand complete on its own, include all claims and defendants, and must not refer to any previous complaint or lawsuit.

Finally, the Court notes Plaintiff's initial complaint states the issue of exhaustion of administrative remedies is "not applicable, no longer at Henry County." (Comp, p. 6). Nonetheless, Plaintiff must be able to explain why he failed to file a grievance during the brief time he was at the jail.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

2) If Plaintiff believes he can articulate a violation of his constitutional rights, he must file an amended complaint on or before 5/13/2022.  If Plaintiff fails to file an amended complaint by the deadline or fails to follow the Court's directions, his case will be dismissed.

3) The Clerk is to provide Plaintiff with a blank complaint form for his assistance and reset the internal merit review deadline within 30 days.

ENTERED this 22nd day of April, 2022.

                          s/James E. Shadid
                  _____
                           JAMES E. SHADID
                    UNITED STATES DISTRICT JUDGE